IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED HEALTHCARE INSURANCE COMPANY, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | NO. <u>06-CV-2688-Ma</u> |
| : | |
| PATRICIA H. VEACH and : | |
| NAOMI KAY SESSUM, : | |
| : | |
| **Defendants.** : | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendant, **PATRICIA H. VEACH,** by an through her attorneys, Barbara McCullough and John C. Wagner, to respectfully file this Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rule 56, and in support thereof would state as follows:

**FACTS**

On February 12, 2005 **PATRICIA H. VEACH**, filed a Complaint for Divorce with the mandated statutory injunctions against **Eugene M. Veach,, Jr.,** under Shelby County Circuit Court Docket No. CT-000765-05. A copy of the Complaint for Divorce and Notice of Mandatory Injunctions are attached hereto as Exhibits A and B.

The Defendant, **Eugene M. Veach, Jr.,** was personally served with a copy of the Complaint for Divorce and Mandatory Injunctions on February 12, 2005.

Pursuant to T.C.A. § 36-4-106(d)(1)(A), and 2, which reads as follows:

"(d) Upon the filing of a petition for divorce or legal separation, except on the sole ground of irreconcilable differences, and upon personal service of the complaint and summons on the respondent or upon waiver and acceptance of service by the respondent, the following temporary injunctions shall be in effect against both parties until the final decree of divorce or order of legal separation is entered, the petition is dismissed, the parties reach agreement, or until the court modifies or dissolves the injunction, written notice of which shall be served with the complaint"

"(1)(A) An injunction restraining and enjoining both parties from transferring, assigning, borrowing against, concealing or in any way dissipating or disposing, without the consent of the

other party or an order of the court, of any marital property.  Nothing herein is intended to preclude either of the parties from seeking broader injunctive relief from the court."

(2)   An injunction restraining and enjoining both parties from voluntarily canceling, modifying, terminating, assigning, or allowing to lapse for nonpayment of premiums any insurance policy, including, but not limited to, life, health, disability, homeowners, renters, and automobile, where such insurance policy provides coverage to either of the parties or the children, or that names either of the parties or the children as beneficiaries without the consent of the other party or an order of the court.  "Modifying" includes any change in beneficiary status."

That the Defendant, **Eugene M. Veach, Jr.,** had listed his wife, **PATRICIA H. VEACH** as his sole beneficiary on his life insurance beneficiary form.  **PATRICIA H. VEACH,** was served with a copy of the Mandatory Injunctions on February 12, 2005.

On March 14, 2006 **Eugene M. Veach, Jr.,** filed a motion to lift the Injunction, which was set to be heard on March 31, 2006 by the Circuit Court of Shelby County, Tennessee.

Mr. **Eugene M. Veach**, died on March 26, 2006.

Pursuant to the Mandatory Injunctions served on the Defendant, **Eugene M. Veach, Jr.,** on February 12, 2005 and pursuant to T.C.A. § 36-4-106(d)(2).  **Eugene M. Veach, Jr.,** was enjoined from changing the named beneficiary, **PATRICIA H. VEACH,** until further court order.

On March 8, 2006 the deceased, **Eugene M. Veach, Jr.,** had executed a change in his life insurance beneficiary to name his adult daughter, **NAOMI KAY SESSUM** as his beneficiary, in violation of the Mandatory Injunctions issued by Shelby County Circuit Court, which he had been served on February 12, 2005.

**WHEREFORE PREMISES CONSIDERED MOVANT PRAYS:**

That the Court grant her Motion for Summary Judgment pursuant to Federal Rule 56.

That the Court declare that, **PATRICIA H. VEACH**, is the legal beneficiary of the insurance proceeds being held by the Court in this matter as **Eugene M. Veach, Jr.,** had no legal right to change his named beneficiary from, **PATRICIA H. VEACH**, at the time of his death to his adult daughter, **NAOMI KAY SESSUM,** pursuant to T.C.A. § 36-4-106(d)(1)(A) and (2).

**Respectfully Submitted,**

**WILKES, MCCULLOUGH & WAGNER**
**Attorneys at Law**
**44 N. Second St., Suite 401**
**Memphis, Tennessee   38103**
**(901) 525-8151**

/S/ Barbara McCullough
/S/ John C. Wagner

**BARBARA MCCULLOUGH   # 9221**
**JOHN C. WAGNER         # 6582**
**Attorney for Defendant, Patricia H. Veach**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was mailed to Chris Heinss, Attorney for United Healthcare, P.O. Box 306, Birmingham, Alabama   35203-2015; and to Timothy Perkins, 1850 Poplar, Suite 200, Memphis, Tennessee   38119, via U.S. Mail, Postage Prepaid, this ___**29**_____ day of ___**May**_____, 2007.

/S/ Barbara McCullough

**BARBARA MCCULLOUGH**

3