IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

UNITED HEALTHCARE INSURANCE
COMPANY,
                Plaintiff,

V.                                      CASE NUMBER:    06-CV-02688-SHM-tmp

PATRICIA H. VEACH AND NAOMI
KAY SESSUM,
                Defendants.

**DEFENDANT SESSUM'S MEMORANDUM IN SUPPORT OF
CROSS- MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** your Defendant Naomi Kay Sessum, by and through her counsel of record, and submits her Memorandum in Support of her Motion for Summary Judgment. In support, Ms. Sessum would show to the court the following:

This Court should grant Ms. Sessum's Motion for Summary Judgment for two reasons. First, Ms. Veach had no property interest in being named a beneficiary of the decedent's life insurance policy because Tennessee follows the "expectancy" rule with regard to insurance policies. See Bell v. Bell, 896 S.W.2d 559, 562 (Tenn. App. 1994). Second, courts have full discretion to hold an individual in contempt of court or to exercise that discretion in finding no contemptible conduct. Tenn. Code Ann. § 16-1-103 (2007); see Black v. Blount, 938 S.W.2d 394, 397 (Tenn. 1996). Based upon the equities of this situation and the fact that Ms. Veach comes to the Court with unclean hands having also breached the mandatory injunctions by emptying out and closing the marital bank account, this Court should find that the proceeds of Eugene Veach's life insurance policy should be paid to the contractual beneficiary, Naomi Kay Sessum.

**LAW AND ARGUMENT**

1.  <u>This Court should find that the Defendant Patricia Veach had no cognizable property interest in being a beneficiary on a term life insurance policy and therefore is not entitled to the proceeds from the policy.</u>

The law in Tennessee is well-defined with respect to a beneficiaries' interest to life insurance proceeds. The Court of Appeals for the Middle Section in <u>Bell v. Bell</u>, 896 S.W.2d 559 (Tenn. App. 1994), stated, "It is settled in Tennessee that such beneficiary has no vested right or interest in the policy but rather a mere expectancy." <u>Id.</u> (citing <u>Herrington v. Boatright</u>, 633 S.W.2d 781 (Tenn. 1982); <u>Merritt v. Scruggs</u>, 112 S.W.2d 825 (Tenn. 1938); <u>First Nat'l Bank v. Mutual Benefit Life Ins. Co.</u>, 732 S.W.2d 278 (Tenn. App. 1987)). The <u>Bell</u> court reasoned that a wife's rights as a beneficiary of her husband's life insurance policy "are the same as any other beneficiary and if the policy reserves the right to change the beneficiary, she obtains no vested interest during his lifetime." <u>Id.</u>

Only when a court enters a divorce decree does this expectancy interest change. The <u>Bell</u> court explained that a wife's "mere expectancy" can vest into a property interest "where the husband is required <u>by a divorce decree</u> to keep a life insurance policy in effect naming certain beneficiaries and is denied the right to change beneficiaries by such court order." <u>Id.</u> (citing <u>Herrington</u>, 633 S.W.2d at 781; <u>Goodrich v. Mass. Mutual Life Insurance Co.</u>, 188 S.W.2d 612 (Tenn. 1951)) (emphasis added). The <u>Bell</u> court reiterated that Tenn. Code Ann. § 56-7-201 does not vest any interest to life insurance proceeds in the widow or children of the deceased husband. <u>Id.</u> (citing <u>Bailey v. Metro. Life Ins. Co.</u>, 14 Tenn. App. P.11; <u>Butler v. Fowler</u>, 188 S.W.2d 612).

The <u>Bell</u> opinion is significant because it was a case of first impression for Tennessee on the issue of whether an "expectancy" constitutes a marital asset in a divorce action. In <u>Bell</u>,

the court carefully distinguished between cases such as Bell where no final decree had issued, and cases such as Holbert v. Holbert, 720 S.W.2d 465 (Tenn. App. 1986), where a party "violated a final order of divorce by changing beneficiaries, rather than a restraining order in a pending case that had abated by [the party's] death." See id.  The Court clearly stated that the "since Tennessee follows the 'expectancy' rule, Gleed, Lindsey, Succession of Jackson, and Metropolitan Life, are persuasive." Id.  Gleed, Lindsey, Succession of Jackson, and Metropolitan Life are cases from other "expectancy" rule jurisdictions that reason that a mere expectancy is not a marital asset for purposes of divorce unless there is 1) cash surrender value during the life of the policy holder; or 2) a final divorce decree preventing changing of beneficiaries.  See Gleed v. Noon, 614 N.E.2d 676 (Mass. 1993); Lindsey v. Lindsey, 492 Atl.2d 396 (Pa. 1985); Succession of Jackson, 402 S.2d 753; Metropolitan Life Ins. Co. v. Tallent, 445 N.E.2d 990 (Ind. 1983).

Because Mr. Veach's policy was a term life policy without any cash surrender value and the Circuit Court never entered a Final Decree of Divorce, Defendant Veach had no property interest in being named a beneficiary to the life insurance policy of Eugene M. Veach, Jr.  Accordingly, this Court should honor the contractual intentions of the parties to the insurance contract, and award the proceeds of the policy to the named beneficiary, your Defendant Naomi Kay Sessum.

2. Even if the Court were to find that Eugene Veach's action of changing beneficiaries breached the mandatory injunctions, this Court should award the proceeds of the policy to his daughter because the decedent attempted to seek relief from the Court and Patricia Veach comes to the Court with unclean hands.

This Court should award the proceeds of the life insurance policy to Ms. Sessum because Defendant Patricia Veach comes to the Court with unclean hands.  In Harris v. Harris, 83 S.W.3d 137, 139-140 (Tenn. App. 2001), the Court of Appeals for the Western Section of Tennessee reiterated the equitable maxim, "He who seeks Equity must do Equity, and he who

has done inequity shall not have equity...." See Segelke v. Segelke, 584 S.W.2d 211, 214 (Tenn. Ct. App. 1978) (quoting Gibson's Suits in Chancery, 5th ed., Vol. 2, § 970, p. 195). Just as courts have full discretion to hold an individual in contempt of court, courts may also to exercise that discretion in finding no contemptible conduct. Tenn. Code Ann. § 16-1-103 (2007); see Black v. Blount, 938 S.W.2d 394, 397 (Tenn. 1996). Despite Ms. Veach's attempt to prosecute a contempt petition upon Mr. Veach after his death for his violation of the mandatory injunction, the trial court agreed with Ms. Sessum's position that the death of a party "abates all ancillary or interlocutory decrees . . . where the party dies before entry of judgment." See In Re: Estate of James H. Williams, No. M2000-02434-COA-R3-CV (Tenn. App. 2003). Accordingly, the trial court dismissed the contempt petition for lack of subject matter jurisdiction based upon the action abating upon the death of Mr. Veach.

Because Mr. Veach was never found to be in contempt of court, Ms. Sessum respectfully requests that this Court find that his actions were not contemptible, but rather desperate under the circumstances. While it is indisputable that the decedent's act of changing life insurance beneficiaries was technically in violation of the mandatory injunctions, Mr. Veach did not act with contempt for the court's authority, but rather attempted to seek relief from the Court's injunctions. See Exhibit F. The decedent had his attorney file a Motion for Relief and attempted to set an emergency hearing, knowing that his time was limited. See id. Unfortunately, the hearing was delayed and Mr. Veach did the only thing he could to ensure that at least one of his wishes was carried out: he changed his beneficiary on his life insurance.

By contrast, Defendant Patricia Veach's actions show utter disdain for the authority of the Circuit Court because she never sought relief from the injunctions prior to closing out the marital bank account and transferring the remaining money to a different account. Moreover, her acts of having the decedent served while being treated in the hospital for cancer, changing

the locks of the marital residence while he was hospitalized, and forcing the decedent to seek injunctive relief so that he could have a place to reside after his cancer surgery reek of disdain for the court's authority. Accordingly, after assessing the equities of this case, Ms. Sessum respectfully requests that this Court award her the remaining proceeds of the life insurance policy to which she was the beneficiary.

Respectfully submitted,

s/ Timothy A. Perkins
TIMOTHY A. PERKINS, BPR #024657
**THE BEASLEY LAW FIRM**, **PLLC**
Counsel for Naomi Kaye Sessum
1850 Poplar Crest Cove, Suite 200
Memphis, TN 38119
(901)682-8000

CERTIFICATE OF SERVICE

I, Timothy A. Perkins, do hereby certify that a copy of the foregoing was forwarded, via electronic delivery through the Court's ECF Filing System, this 28th day of June, 2006, to Attorney Barbara McCullough, counsel for Plaintiff, at 44 N. Second St., Suite 401, Memphis, Tennessee 38103.

　s/ Timothy A. Perkins