```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| **UNITED HEALTHCARE INS. CO.,** )<br> )<br>    **Plaintiff(s),**          )<br> )<br>**v.**                          )<br> )<br>**VEACH, ET AL.,**              )<br> )<br>    **Defendant(s).**          )<br> )<br> ) | **Case No. 06-2688** |

**ORDER GRANTING PATRICIA H. VEACH'S MOTION FOR SUMMARY JUDGMENT
AND DENYING NAOMI KAY SESSUM'S MOTION FOR SUMMARY JUDGMENT**

On October 10, 2006, United Healthcare Insurance Company (the "Insurance Company") filed this action to resolve whether Patricia H. Veach ("Veach") or to Naomi Kay Sessum ("Sessum") is entitled to certain life insurance proceeds.  On March 5, 2007, the court granted the Insurance Company's motion to interplead funds into the court for deposit with the Clerk of Court.  On March 30, 2007, the court dismissed United Healthcare Insurance Company from the case.  On May 29, 2007, Veach filed a motion for summary judgment.  On June 28, 2007, Sessum filed a cross-motion for summary judgment to which Veach responded on July 26, 2007.

**I.   Background**

The following facts are undisputed.  On February 7, 2005, Veach withdrew $800.00 from the marital checking account she shared with her husband Eugene M. Veach, Jr. ("Eugene").  On February 9, 2005, Veach withdrew $400.00.  On February 12, 2005, Veach filed a Complaint for Divorce against Eugene, who was hospitalized for cancer treatments, thus triggering the temporary injunctions provided by Tennessee law.  Those injunctions prohibit either party from disposing of marital assets unilaterally.  See T.C.A. § 36-4-106(d).  They specifically include a prohibition against changing a spouse's status as  beneficiary under a life insurance policy.  T.C.A. § 36-4-106(d)(2).  Eugene's Answer to the Divorce complaint included a petition to re-enter the marital residence, alleging that Veach had changed the locks.  Eugene's Answer denied Veach's allegation that he had threatened her life.

After the mutually binding injunctions had taken effect, Veach removed $80.00 from a joint marital checking account and closed the account.  On March 8, 2006, Eugene changed the sole beneficiary of his $20,000 life insurance policy from Veach to Sessum.  On March 14, 2006, Veach agreed to a continuance in the divorce action so that Veach's medical insurance could continue to pay Eugene's medical bills.  Also on March 14, 2006, Eugene filed a motion to lift the injunction barring him from changing his beneficiary.  Before the motion was heard, Eugene died on

2

March 26, 2006.  Because Eugene died intestate, Veach inherited his entire probate estate.  Veach did not attend Eugene's funeral.

**II.  Jurisdiction**

The court has subject matter jurisdiction over this interpleader action pursuant to Rule 22, F.R. Civ. P., and 28 U.S.C. § 1331.

**III. Standard of Review**

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).  The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of her case.  See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine issue for trial.  A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the summary judgment motion

opponent.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  She may not oppose a properly supported summary judgment motion by mere reliance on the pleadings.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, nonmovant must present "concrete evidence supporting . . . [her] claims."  Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).  The district court does not have the duty to search the record for such evidence.  See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in her favor.  See id.

**IV. Analysis**

Under Tennessee law, a divorcing party may not assign marital property rights without the consent of the other party or the court.  The statute providing for mandatory temporary injunctions states that a party to a divorce action may not change the beneficiary of his or her life insurance policy during the course of the action without the consent of the other party or the court.  T.C.A. § 36-4-106(d)(2).  Eugene changed his life insurance beneficiary from Veach to Sessum while the

4

injunctions were in effect. He did not have the consent of Veach or the court. Veach argues that this change was invalid and that she should recover the outstanding life insurance proceeds. Sessum argues that Veach should not recover the outstanding proceeds because Veach had no property interest in her beneficiary status and because Veach did not do equity and comes before the court with unclean hands.

### A. Property Interest

Sessum argues that Veach had only an expectancy and not a property interest in Eugene's life insurance proceeds. Bell v. Bell, 896 S.W.2d 599 (Tenn. App. 1994). Bell held that a mere expectancy does not constitute a marital asset in a divorce proceeding and that changing the beneficiary of life insurance during the divorce action does not violate an injunction prohibiting the transfer of marital assets.

Veach argues that Bell is inapplicable because the mandatory injunction statute was later amended to specifically prevent divorcing parties from altering the beneficiaries of their life insurance policies during divorce proceedings.

Bell was decided in 1994. The statute was amended in 2001 and now explicitly prohibits a party from changing his or her life insurance beneficiary without the consent of the court or of the other party. T.C.A. § 36-4-106(d)(2). Eugene died in

5

2006. Eugene's change of beneficiary was invalid and prohibited by the mandatory injunctions.

### B. Equitable defenses

Sessum's memorandum in support of her motion for summary judgment makes two arguments for equitable intervention. Sessum urges that (1) Veach's withdrawal of $80.00 was contemptuous, barring Veach from recovery, and (2) Veach behaved so badly that the court should refuse to hear her motion under the unclean-hands doctrine.

### 1. Contempt

Sessum argues that Veach should not recover the life insurance proceeds, even if the court finds that Eugene violated the temporary injunctions, because Veach's withdrawal also violated the injunctions. Sessum cites Harris v. Harris, 83 S.W.3d 137, 139-40 (Tenn. App. 2001), for the proposition that "[h]e who seeks Equity must do Equity, and he who has done inequity shall not have equity. . ." Harris recognized that equitable defenses may apply to prevent recovery by a party who has not complied with court orders. Id.[1] This equitable maxim is most frequently invoked by courts refusing to consider the motions of a movant who has been held in contempt. A party held in contempt can appeal the contempt finding or purge herself of

---

[1] "Equity is described as justice administered according to fairness as contrasted with the strictly formulated rules of common law." 11 T.J., Equity § 2.

6

contempt. Segelke v. Segelke, 584 S.W.2d 211, 214 (Tenn. App. 1978)(citing Gibson's Suits in Chancery, 5th ed., Vol. 2, § 970, p. 195).

Sessum's equitable defense does not bar Veach's motion. Both Veach and Eugene violated the mandatory injunctions. Veach withdrew $80.00 and closed a joint marital account. Eugene changed the beneficiary of a $20,000.00 life insurance policy. Neither party has been held in contempt by any court. Veach is entitled to the life insurance proceeds deposited with the court because Eugene's alteration was invalid. Veach's withdrawal may have been equally invalid, but only Eugene during his lifetime or the beneficiary of his probate estate could challenge that withdrawal. Given that Veach is the sole beneficiary of the probate estate, the issue of repayment to the estate would appear to be moot.

**2. Unclean Hands**

The unclean-hands doctrine "repels the unclean [movant] at the steps of the courthouse." 11 T.J., Equity § 7. "'Clean hands' means a clean record with respect to the transaction" at issue. Nolen v. Witherspoon, 187 S.W.2d 14, 16 (Tenn. 1945). A court does not consider the general moral character of a movant. See Chappell v. Dawson, 308 S.W.2d 420 (1957).

Sessum's invocation of the unclean-hands doctrine relies principally on allegations about Veach's general moral character.  Sessum avers that Veach should not recover because she served process on Eugene while he was hospitalized for cancer treatment, changed the locks on the marital home, and did not attend Eugene's funeral.  These averments do not speak to any role Veach may have had in the transaction at issue, the change of beneficiary in violation of the injunctions.

Sessum further avers that Veach disdained the authority of the Tennessee Circuit Court because she never sought the court's permission before removing $80.00 from a joint account while the injunctions were in effect.  This averment also bears no apparent relation to the change of beneficiary.  Even if it did, the amount withdrawn is significantly smaller than the $20,000.00 Eugene attempted to redirect.  Equity should not permit an $80.00 withdrawal to justify a refusal to hear Veach's motion.  "The maxim, "*de minimis non curat lex,*" applies. Peoples v. Hagaman, 215 S.W.2d 827, 831 (Tenn. App. 1948)(citations omitted).  Veach's minimal withdrawal does not so taint her as to warrant denying recovery to her or rewarding Eugene's far more serious violation of the injunctions.

**Conclusion**

For the forgoing reasons, Veach's motion for summary judgment is GRANTED.  Sessum's motion for summary judgment is DENIED.

So ordered this 29th day of October 2007

                                                    /s Samuel H. Mays, Jr.
                                                    SAMUEL H. MAYS, JR.
                                                    UNITED STATES DISTRICT JUDGE